IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| ROBIN SONG, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-22-763 |
| MOBASHERA AHMED, | * | |
| and | * | |
| LASKER M. AHMED, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This is an unlawful detainer action, which Defendants Mobashera and Lasker M. Ahmed have removed to this Court. ECF No. 1.

Pending before the Court is Plaintiff Robin Song, LLC's ("Robin Song") Motion to Remand and Request for Imposition of an Equitable Servitude for 2 Years. ECF No. 8. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, the Court will refer the matter to the U.S. Bankruptcy Court for the District of Maryland (the "Bankruptcy Court").

### I.   BACKGROUND

This case involves the property at 23313 Robin Song Drive, Clarksburg, Maryland (the "Property"), which was foreclosed upon in 2017 by NewRez LLC ("NewRez"). *See Ahmed v. NewRez LLC*, No. CV TDC-19-2534, 2020 WL 1904699, at *1 (D. Md. Apr. 17, 2020), *aff'd*,

834 F. App'x 822 (4th Cir. 2021).[1] On November 26, 2018, Defendant Mobashera Ahmed filed a Chapter 13 bankruptcy petition in the Bankruptcy Court. *See In re Ahmed*, No. 18-25473. On August 6, 2019, NewRez submitted to that court a Motion for Relief from Stay and for Equitable Servitude, which the Bankruptcy Court subsequently granted on September 5, 2019. *See* No. 18-25473, ECF No. 66. Plaintiff Robin Song asserts that it is a successor to NewRez and the legal and equitable owner of the Property. ECF No. 8 at 2–3.[2]

On February 8, 2021, Robin Song filed for wrongful detainer against Defendants in the District Court for Montgomery County, Maryland. *See Robin Song LLC v. Ahmed, Lasker et al.*, No. 06-01-0001363-2021. On March 30, 2022, Defendants removed the action to this Court, claiming that the case violated an automatic stay provided by the Bankruptcy Court because the stay had been lifted only as to NewRez. ECF No. 1. On April 15, 2022, Plaintiff filed its Motion to Remand and Request for Imposition of an Equitable Servitude for 2 Years. ECF No. 8. On April 29, 2022, Defendants responded. ECF No. 9.

## II.   DISCUSSION

Plaintiff seeks to remand this action to the Montgomery County District Court on the grounds that removal was inappropriate and for the imposition of a second equitable servitude for a period of two years against Defendants. ECF No. 8. Defendants argue that a two-year equitable servitude in this matter has already been applied and subsequently expired, and that no further equitable servitude may be imposed. ECF No. 9. They also request transfer of the case to the U.S. Bankruptcy Court for the District of Maryland. *Id.* at 2.

---

[1] The Court will take judicial notice of filings in prior and concurrent litigation pertaining this matter. *See Strickland-Lucas v. Citibank, N.A.*, 256 F. Supp. 3d 616, 623 (D. Md. 2017).

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

"[D]istrict courts have discretion over whether to hear a motion to transfer prior to a motion to remand." *Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp.*, Inc., No. SA CV 15-0687-DOC, 2015 WL 3631833, at *4 (C.D. Cal. June 10, 2015) (citing *Burse v. Purdue Pharma Co.*, No. C–04–594 SC, 2004 WL 1125055, at *1 (N.D. Cal. May 3, 2004)). Thus, while courts most commonly resolve issues of remand before considering issues of transfer, there exist "rare circumstances" where transfer motions should be considered before remand motions. *Id.* (collecting cases).

Given the convoluted nature of the current action, the Court finds this is a circumstance where addressing the transfer issue before remand best serves the parties. A district court has "original and exclusive jurisdiction of all cases under title 11," *i.e.*, the Bankruptcy Code. *In re TMST, Inc.*, No. 09-17787 NVA, 2015 WL 4080077, at *3 (D. Md. July 6, 2015) (citing 28 U.S.C. § 1334(a)). The court may, however, refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 ... to the bankruptcy judges for the district." *Id.* (citing 28 U.S.C. § 157(a)); *see also* Loc. R. 402. Further, "[a] civil case filed in a district court is related to a case in bankruptcy if the outcome in the civil case 'could conceivably have any effect on the estate being administered in bankruptcy ... if the out-come could alter the debtor's rights, liabilities, options, or freedom of action (positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'" *New Horizon of NY LLC v. Jacobs*, 231 F.3d 143, 151 (4th Cir. 2000) (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995)).

Here, the Court notes that Defendants seek to have this matter moved to the Bankruptcy Court. ECF No. 9 at 2. In fact, construing the *pro se* Defendants' removal notice liberally, it appears they sought to remove the case to Bankruptcy Court at the outset. ECF No. 1 at 1. At the

3

same time, the Court also notes that Plaintiff requests, in addition to remand, an equitable servitude on the Property so that it may obtain possession without further interference from Defendants. ECF No. 8 at 8. On that point, the Court takes note of Defendants' many bankruptcy filings over the years as it pertains to the Property. ECF No. 8 at 5–7.

As noted above, the Bankruptcy Court has already handled a previous equitable servitude in this matter, and, more generally, such an action is typically handled by bankruptcy courts. *See NewRez*, 2020 WL 1904699, at *3 (upholding earlier equitable servitude between NewRez and Defendants); *In re Gilkes*, No. 03-20469-NVA, 2006 WL 5218624, at *3 (Bankr. D. Md. Jan. 31, 2006) (noting that "[b]ankruptcy courts have imposed equitable servitudes in cases where a pattern of abuse of the bankruptcy system is clear") (collecting cases). The Court finds that the Bankruptcy Court is equipped to handle both the issue of remand as well as the request for equitable servitude. *See* 28 U.S.C. § 1447(c); 28 U.S.C. § 1452(b).

Accordingly, in light of the facts specific to this case, the Court will refer the matter to the Bankruptcy Court.

### III.   CONCLUSION

For the foregoing reasons, the Court will refer this action to the U.S. Bankruptcy Court for the District of Maryland. A separate Order follows.

Date: <u>February 20, 2023</u>                             ____/s/_____
                                                                         GEORGE J. HAZEL
                                                                         United States District Judge